Heronima Carson, *et al.*, v. E. J. Farnham,. *et ux.*

160 So. 520.
Division B.
Opinion Filed April 3, 1935.

*Watt Lawler,* for Appellant;
*R. E. Kurtz,* for Appellee.

Buford, J.—The appeal here is from an order sustaining motion to strike portions of an answer interposed to a bill of complaint in a suit to foreclose a mortgage on real estate. The portions of the answer which were stricken attempted to set up as a defense to the foreclosure of the mortgage the existence of both past and then present conditions of personal and general misfortune, hardships, calamities and depression which had resulted in the defendant becoming and remaining unable to perform her contract and obligation to pay the debt, either principal or interest, secured by the mortgage.

These allegations of the answer arouse the human sympathies of the members of the Court, as they probably did those of the Chancellor, but orders and judgments of courts must be dictated by the application of legal principles and judicial discretion, which may not yield to the influence of human sympathy.

Since the opinion was rendered by this Court in the case of Columbia County v. King, 13 Fla. 451, it has been settled in this jurisdiction that such defenses as were sought to be interposed by the parts of the answer stricken are untenable. To hold that such defenses are available in mortgage foreclosure suits would be to destroy by judicial decree the obligation of the contract and to set at naught the very purpose for which the mortgage was made, executed and delivered.

If a moratorium may be legally effectuated it must find its basis in legislative action and not in judicial determination, though judicial determination may be invoked to adjudicate the application of such legislative enactment. The very purpose of requiring mortgage security for the payment of an obligation is to insure the payment thereof, regardless of what misfortune and financial reverses may overtake the mortgagor. The contract is necessarily made in contemplation of the possibility that the debtor will become unable to meet the obligation except through the foreclosure of the mortgage.

The order appealed from must be affirmed. It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J., dissents in part.

Brown, J. (dissenting in part).—While I concur in most that is said in the majority opinion, I think that the court should not have stricken those portions of the answer referred to in the majority opinion, but should have retained them for consideration in connection with the matter of fixing the time of the foreclosure sale, for the reasons stated by me in my opinion in the case of Morris, *et al.*, v. Waite, *et al.*, on an appeal in a similar case from the same court, the Circuit Court of Lee County, decided during the present term.

